THE STATE v. McMACKIN.

1. **Forgery**: CONDITIONAL NOTE: NO ONE DEFRAUDED. Where an insurance agent forged an application for insurance and notes for the premium, and sent them to his company, for the purpose of fraudulently securing his commission, *held* that he could not escape conviction on the ground that the forgery was discovered, and no policy issued, and the notes never became valid obligations for the payment of money.

*Appeal from Washington District Court.*

SATURDAY, DECEMBER 11.

THE defendant was convicted of the crime of forgery, and he appeals.

*D. H. Wilson*, for appellant.

*A. J. Baker, Attorney-general*, for the State.

ROTHROCK, J.—I. It appears from the evidence before us that the defendant was a soliciting agent for the Continental Insurance Company. About March 1, 1886, he sent an application for insurance, and two promissory notes, to the Chicago department of said company. The application and notes purported to be signed by one, J. C. Moore. The notes were for the premium for the insurance. The officer in charge of the business at Chicago, did not issue a policy on

the application, because, upon inspection, he suspected that the notes and application were forgeries. The evidence shows quite conclusively that the defendant forged the name of J. C. Moore to said written instruments, and that the intent with which it was done was to procure the commission due him as agent for securing the insurance. It is true that under his contract with the company he was entitled to payment for his commission on but one of the notes at the time of the issuance of the policy, and that note provided that it should not be valid unless the company issued a policy. Counsel for appellant claims that, as the application was not accepted, and no policy issued, there was no crime, because the notes never became obligations to pay money. We cannot concur in this view. The defendant forged the instruments with a criminal intent, and attempted to defraud the insurance company by forwarding them, and demanding his commissions. He cannot escape conviction because his crime was detected before any one was injured or defrauded by reason of it.

II. It is further claimed that the evidence does not show that the crime was committed in Washington county. This position cannot be sustained. The jury were fully warranted in finding that the venue was properly laid in the indictment.

AFFIRMED.